UNITED STATES DISTRICT COURT
for the
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| **JOHN RATCLIFFE**      ) | |
|     Plaintiff,      ) | |
| v.                      ) | CASE No.: |
|                      ) | IN ADMIRALTY |
| **UNITED STATES OF AMERICA**  ) | |
|     Defendant.     ) | |
|                     ) | |

**PLAINTIFF'S COMPLAINT**

Now comes the Plaintiff, JOHN RATCLIFFE, in the above-entitled matter and for his complaint states:

**GENERAL FACTUAL ALLEGATIONS**

1. The Plaintiff, JOHN RATCLIFFE, is a resident of Tuftonboro, Carroll County, State of New Hampshire.

2. The UNITED STATES OF AMERICA is a sovereign state which pursuant to 46 U.S.C. § 30901 et seq. and 46 U.S.C. § 31101 et seq. has consented to be sued.

3. On or about April 14, 2023, the Defendant, UNITED STATES OF AMERICA, owned the USNS CORNHUSKER STATE which was and is a public vessel of the UNITED STATES OF AMERICA.

4. On or about April 14, 2023, pursuant to contract with the Defendant, UNITED STATES OF AMERICA and/or MILTARY SEALIFT COMMAND, PACIFIC-GULF MARINE, INC. was ship manager, agent, of the USNS CORNHUSKER STATE.

1

5.     At the time of the filing of this Complaint, October 4, 2024, the USNS CORNHUSKER STATE is out at sea and beyond the territorial waters of the United States.

6.     On or about April 14, 2023, the Plaintiff, JOHN RATCLIFFE, was employed by the Defendant, the UNITED STATES OF AMERICA's ship manager PACIFIC-GULF MARINE, INC.

7.     On or about April 14, 2023, the Plaintiff, JOHN RATCLIFFE, was employed by the Defendant, the UNITED STATES OF AMERICA's ship manager, PACIFIC-GULF MARINE, INC., as a seaman, and a member of the crew of the USNS CORNHUSKER STATE.

8.     On or about April 14, 2023, UNITED STATES OF AMERICA operated the USNS CORNHUSKER STATE.

9.     On or about April 14, 2023, the Defendant, the UNITED STATES OF AMERICA, or the Defendant's agents, servants, and/or employees, controlled the USNS CORNHUSKER STATE.

10.    On or about April 14, 2023, UNITED STATES OF AMERICA was responsible for the acts or omissions of its agents, servants and/or employees, including the agents, servants and/or employees of PACIFIC-GULF MARINE, INC..

11.    On or about April 14, 2023, the USNS CORNHUSKER STATE was in navigable waters.

12.    On or about April 14, 2023, while in the in the performance of his duties in the service of the USNS CORNHUSKER STATE, the Plaintiff, JOHN RATCLIFFE, sustained personal injuries while descending a ladder from main deck to the mess area, injuring his left knee.

13. Prior to and at the time he sustained the above-mentioned personal injuries, the Plaintiff, JOHN RATCLIFFE, was exercising due care.

14. On and/or October 31, 2023 pursuant to 50 U.S.C. Appendix, § 1291(a) and the provisions of 46 C.F.R. § 327.4, § 327.5, Plaintiff properly presented to the Chief, Division of Marine Insurance for the Maritime Administration Department of Transportation, (MARAD) and to its ship manager, PACIFIC-GULF MARINE, INC., a claim letter/notice letter that complied with all the requirements of 46 C.F.R. Part 327.4, 327.5.

15. On and/or June 7, 2024, pursuant to 50 U.S.C. Appendix, § 1291(a) and the provisions of 46 C.F.R. § 327.4, § 327.5, Plaintiff properly presented to the Chief, Division of Marine Insurance for the Maritime Administration Department of Transportation, U.S. Department of Transportation Maritime Administration, Office of Subsidy & Insurance (MARAD) and to its ship manager, PACIFIC-GULF MARINE, INC., claim letters/notices via registered mail that complied with all the requirements of 46 C.F.R. Part 327.4, 327.5.

16. On June 7, 2023, pursuant to 50 U.S.C. Appendix, § 1291(a) and the provisions of 46 C.F.R. § 327.4, § 327.5, Plaintiff properly presented to U.S. MILITARY SEALIFT COMMAND a claim letter/notice letter via registered mail that complied with all the requirements of 46 C.F.R. Part 327.4, 327.5.

17. Upon information and belief, said notice/claim letters were received by MARAD on or about June 14, 2024.

18. Upon information and belief, said notice/claim letter was received by PACIFIC-GULF MARINE, INC. on or before June 17, 2024.

19. Upon information and belief, said notice/claim letter was received by U.S. MILITARY SEALIFT COMMAND on or before June 17, 2024.

20. Since no notice of allowance or disallowance of the claim from MARAD was ever received by Plaintiff, JOHN RATCLIFFE, pursuant to 46 C.F.R. § 327.6 and 60 days have elapsed since the receipt of the claim/notice letter, said claim was administratively denied pursuant to 46 C.F.R. § 327.7.

## JURISDICTION & VENUE

21. This Court has subject matter jurisdiction over this matter pursuant to The Merchant Marine Act of 1920, commonly called the Jones Act, 46 U.S.C., §30104, 28 U.S.C. §1331, 28 U.S.C. §1333, the Suits in Admiralty Act, 46 U.S.C. § 30901 et seq. and Public Vessels Act.

22. Pursuant 46 U.S.C. § 30906(a)(1), venue is proper in this district because the Plaintiff resides in this district.

## COUNT I
## JOHN RATCLIFFE v. UNITED STATES OF AMERICA
### (JONES ACT NEGLIGENCE)

23. The Plaintiff, JOHN RATCLIFFE, reiterates the allegations set forth in paragraphs 1 through 22 above.

24. The personal injuries sustained by the Plaintiff, JOHN RATCLIFFE, were not caused by any fault on his part but were caused by the negligence of the Defendant UNITED STATES, its manager, agents, servants and/or employees, and/or PACIFIC-GULF MARINE, INC.'s agents, servants and/or employees, including but not limited to the following:

   a. Defendant failed to provide the Plaintiff with a safe place to work;

   b. Defendant failed to comply with its own policies and procedures;

   c. Defendant failed to maintain the vessel's gear, equipment, working spaces and machinery in a safe condition for operations;

d. Defendant failed to warn plaintiff of a potentially dangerous condition;

e. Defendant failed to properly maintain and/or properly inspect, repair, or replace said equipment on said vessel;

f. Defendant failed to train employees in safe work practices;

g. Defendant failed to inspect the vessel to ensure it was sound and seaworthy;

h. The ladder on the vessel was improperly designed, maintained and/or inspected;

i. and other aspects which will be shown at the time of trial.

25. As a result of said injuries, the Plaintiff, JOHN RATCLIFFE, has suffered pain of body and anguish of mind, lost time from his usual work and pursuits, incurred medical expenses, and has sustained and will sustain other damages as will be shown at trial.

26. This cause of action is brought under the Merchant Marine Act of 1920, commonly called the Jones Act.

**WHEREFORE,** the Plaintiff, JOHN RATCLIFFE, demands judgment against the Defendant, UNITED STATES OF AMERICA, in an amount to be determined by the Court together with interest and costs.

**COUNT II**
**JOHN RATCLIFFE v. UNITED STATES OF AMERICA**
**(GENERAL MARITIME LAW - UNSEAWORTHINESS)**

27. The Plaintiff, JOHN RATCLIFFE, reiterates the allegations set forth in paragraphs 1 through 22 above.

28. The personal injuries sustained by the Plaintiff, JOHN RATCLIFFE, were due to no fault of his, but were caused by the Unseaworthiness of the USNS CORNHUSKER STATE, including but not limited to the following:

a. the vessel, its gear, equipment, working spaces, machinery and appurtenances were not fit for their intended purposes:

b. the ladder on the vessel was improperly designed, maintained and/or inspected and was an unseaworthy condition;

c. and other aspects which will be shown at the time of trial.

29. As a result of said injuries, the Plaintiff, JOHN RATCLIFFE has suffered pain of body and anguish of mind, lost time from his usual work and pursuits, incurred medical expenses, and has sustained and will sustain other damages as will be shown at trial.

30. This cause of action is brought under the General Maritime Law for Unseaworthiness.

**WHEREFORE**, the Plaintiff, JOHN RATCLIFFE, demands judgment against the Defendant, UNITED STATES OF AMERICA, in the amount to be determined by the Court together with interest and costs.

<u>**COUNT III**</u>
<u>**JOHN RATCLIFFE v. UNITED STATES OF AMERICA**</u>
<u>**(GENERAL MARITIME LAW - MAINTENANCE and CURE)**</u>

31. The Plaintiff, JOHN RATCLIFFE, reiterates all of the allegations set forth in Paragraphs 1 through 22 above.

32. As a result of the personal injuries described in paragraph 12 above, the Plaintiff, JOHN RATCLIFFE, has incurred and will continue to incur expenses for his maintenance and cure.

**WHEREFORE**, the Plaintiff, JOHN RATCLIFFE, demands judgment against the Defendant, UNITED STATES OF AMERICA, in the amount to be determined by the Court, together with costs and interest.

**Respectfully submitted for the**
**the Plaintiff, JOHN RATCLIFFE**
**by his attorney,**

/s/ David F. Anderson
David F. Anderson (N.H. Bar I.D. #9608)
Carolyn M. Latti, *to be admitted pro hac vice*
Latti & Anderson LLP
30-31 Union Wharf
Boston, MA 02109
(617) 523-1000
DAnderson@lattianderson.com
CLatti@lattianderson.com

Dated:   October 4, 2024